# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GEORGE GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing duties and functions not reserved to the Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 17-04398-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff George Garcia ("Plaintiff") appeals from the final decision of the Social Security Commissioner denying his application for Social Security Income ("SSI"). For the reasons discussed below, the Commissioner's decision is reversed and this matter is remanded.

## I. BACKGROUND

In May 2013, Plaintiff filed an application for SSI alleging disability beginning on December 30, 2012. See Administrative Record ("AR") 151-59. His application was denied initially and on reconsideration. See AR 53, 62. Plaintiff then requested and received a hearing before an administrative law judge ("ALJ"), during which the ALJ heard testimony by Plaintiff, who was

represented by counsel, and a vocational expert ("VE"). See AR 23-42, 83-85. On February 10, 2016, the ALJ issued an unfavorable decision. See AR 7-19.

The ALJ determined that Plaintiff had severe impairments of diabetic neuropathy and diabetes mellitus. See AR 12. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform work at the light exertional level with the following limitations: he could stand and walk for a total of 5 hours in an 8-hour day but for no more than 1 hour and 15 minutes at a time; he could frequently balance, stoop, kneel, crouch, and crawl; and he could never climb ropes, ladders, or scaffolds. See AR 14. Based on the VE's testimony, the ALJ found that Plaintiff could perform his past relevant work as a production machine tender and as a warehouse worker. See AR 17. Alternatively, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy, such as packer, dining room attendant, and laundry worker. See AR 18-19.

The Appeals Council denied review of the ALJ's decision, which became the final decision of the Commissioner. See AR 1-4. Plaintiff then sought review by this Court. See Dkt. 1.

## II. DISCUSSION

The parties dispute whether the ALJ erred by: (1) giving the VE an incomplete hypothetical; (2) failing to develop the record as to whether Plaintiff's past relevant work constituted substantial gainful activity ("SGA"); and (3) finding that Plaintiff could perform his past relevant work as a warehouse worker. See Dkt. 26, Joint Stipulation ("JS") at 4-6.

### A. Incomplete Hypothetical

Plaintiff contends that the ALJ's hypothetical to the VE was incomplete because it did not include a limitation that Plaintiff could only stand for 1 hour and 15 minutes at a time, as reflected in his RFC. See JS at 12.

An ALJ's reliance on the VE's testimony is proper where the hypothetical posed to the VE includes "all of the limitations that the ALJ found credible and supported by substantial evidence in the record." Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005). Because the ALJ found that Plaintiff could only stand for an hour and 15 minutes continuously, he was required to include this limitation in the hypothetical. See AR 14. Although the ALJ omitted this limitation from his first hypothetical, see AR 40, he then asked the VE to assume the same limitations "as hypo #1, but now [the hypothetical individual] cannot stand and walk for more than an hour and 15 minutes at a time before needing to sit down," AR 41. The ALJ asked how that would change the VE's previous answers as to work the individual could perform, and the VE responded, "It would not." AR 41-42. Therefore, the ALJ ultimately posed a complete hypothetical to the VE, and Plaintiff is not entitled to relief on this claim of error.

**B. Substantial Gainful Activity**

**1. Applicable Law**

At step four of the sequential analysis, the claimant has the burden of showing he is unable to return to his past relevant work. See Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). However, the ALJ must make specific factual findings to support the conclusion that Plaintiff can perform past relevant work. See id.

Work experience is considered relevant if it constituted SGA, was done within the last 15 years, and lasted long enough for the claimant to learn to how to perform it. See Vertigan v. Halter, 260 F.3d 1044, 1051 (9th Cir. 2001); 20 C.F.R. § 416.965(a). "Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities." Lewis v. Apfel,

236 F.3d 503, 515 (9th Cir. 2001); see also 20 C.F.R. §§ 416.971-416.975.[1] Statutory guidelines establish a presumption of SGA if the claimant earns over the amount specified in the guidelines.[2] See Lewis, 236 F.3d at 515; 20 C.F.R. § 416.974(b) (explaining how minimums are calculated). If a claimant earns less than the required threshold to constitute SGA, the burden of proof shifts to the Commissioner to prove SGA with non-earnings evidence. See Lewis, 236 F.3d at 515.

An ALJ has an affirmative duty to assist the claimant in developing the record at every step of the sequential evaluation process. See Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). The ALJ's duty exists whether or not a plaintiff is represented by counsel. See Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's duty is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001).

---

[1] Social Security Regulations regarding the determination of SGA were amended effective November 16, 2016. Where, as here, the ALJ's decision is the final decision of the Commissioner, the reviewing court generally applies the law in effect at the time of the ALJ's decision. See Lowry v. Astrue, 474 F. App'x 801, 804 n.2 (2d Cir. 2012) (applying version of regulation in effect at time of ALJ's decision despite subsequent amendment); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004) ("We apply the rules that were in effect at the time the Commissioner's decision became final."). Accordingly, the Court applies the versions of 20 C.F.R. §§ 416.974 and 416.975 that were in effect at the time of the ALJ's February 2016 decision.

[2] Plaintiff contests the ALJ's SGA findings for work he performed from 2005-2007 and from 2012-2013. See JS at 5. During these years, the monthly earnings presumed to be SGA for non-blind individuals were as follows: $830 in 2005, $860 in 2006, $900 in 2007, $1,010 in 2012, and $1,040 in 2013. See 20 C.F.R. § 416.974(b); Social Security Administration, Substantial Gainful Activity, www.socialsecurity.gov/OACT/COLA/sga.html.

## 2. Relevant Facts

In his Disability Report, Plaintiff indicated that he worked 40 hours a week as a machine operator from December 2005 to March 2007 and earned $7.86 per hour. See AR 174. Plaintiff also indicated that he was a warehouse worker from November 2012 to January 2013 and worked 45 hours per week at $8.00 per hour. See id.

According to Plaintiff's earnings reports, Plaintiff earned $0 in 2005, $688.25 in 2006, $524.50 in 2007, $1,799 in 2012, and $2,878.52 in 2013. See AR 161-164, 166.

Citing the Disability Report, the ALJ determined that Plaintiff earned approximately $1,006 per month as production machine tender (machine operator) and approximately $1,280 per month as a warehouse worker. See AR 17-18. The ALJ then observed that Plaintiff had performed these jobs for long enough to attain average proficiency according to the DOT classifications, and found that both positions fulfilled "the recency, durational and earnings requirements to be considered past relevant work." AR 18.

## 3. Analysis

Plaintiff contends that the ALJ failed to "fully and fairly develop the record" regarding whether he performed his jobs as production machine tender and warehouse worker at SGA levels. JS at 5. Plaintiff argues that the discrepancy between the Disability Report and the earnings reports evidenced "a conflict in the record regarding whether the past work was relevant." JS at 5, 10.

As to Plaintiff's work as production machine tender, the ALJ failed to adequately develop the record. According to the earnings reports from 2005 to 2007, Plaintiff's income from this job was far below the threshold amount for a presumption of SGA. See AR 161-64, 166. Due to the discrepancy between the Disability Report and the earnings reports, the record was inadequate for

the ALJ to conclude that the work constituted SGA, and the ALJ was required to further develop the record. See Louk v. Colvin, No. 13-9305, 2014 WL 7404593, at *2-3 (C.D. Cal. Dec. 30, 2014) (remanding for ALJ to clarify SGA findings where disability report supporting SGA presumption was contradicted by earnings report); Smiley v. Colvin, No. 15-00086, 2016 WL 3156055, at *3-6 (D. Or. June 3, 2016) (remanding for further development of record where ALJ based SGA finding on work history report but earnings report showed income below threshold).

The Commissioner contends that "the amount of earnings is but one part" of the SGA analysis. JS at 8. The Commissioner's argument is flawed, as the ALJ based the SGA determination on his finding that the presumptive earnings threshold was met. See AR 17-18. Therefore, the ALJ erred in failing to develop the record regarding Plaintiff's earnings as a production machine tender.[3]

## C. Climbing Limitation

### 1. Applicable Law

At step four, the claimant has the burden to prove that he cannot perform his past relevant work either as actually performed or as generally performed in the national economy. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008). Although the burden lies with the claimant, the ALJ must make the requisite factual findings to support a conclusion that the claimant is capable of performing his past work, including "specific findings as to the claimant's residual functional capacity, the physical

---

[3] Because this Court finds that the ALJ failed to develop the record as to whether Plaintiff's climbing limitation precluded him from the job of warehouse worker, see Section II.C.3 infra, the Court does not reach the issue of whether the ALJ also failed to develop the record as to whether this job constituted SGA.

and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Pinto, 249 F.3d at 844-45 (citing SSR 82-62). Social Security Regulations name two sources of information that may be used to define a claimant's past relevant work as actually performed: a properly completed work history report and the claimant's own testimony. See id. at 845. (citing SSR 82-61, 82-41). The Dictionary of Occupational Titles ("DOT") is the best source for how a job is generally performed. See id.

2. **Relevant Facts**

At the hearing, the VE questioned Plaintiff about the lifting and standing requirements of his job as a warehouse worker. See AR 36-37. Plaintiff testified that the heaviest weight he would lift by himself was 15 pounds and that he would sit down every two hours. See id. The VE then testified that a hypothetical person of Plaintiff's age, education, work background, and limitations was capable of doing the job of warehouse worker "only as [actually] performed," not as generally performed. AR 40.

3. **Analysis**

Plaintiff argues that the ALJ erred in finding Plaintiff could perform his prior work as a warehouse worker. See JS at 5. Plaintiff notes that the DOT classification for warehouse worker requires occasional climbing, and contends that the ALJ's RFC precluded him from climbing.[4] See id.

As noted above, the RFC precluded climbing of ropes, ladders, and scaffolds. See AR 14. Although this Court disagrees with Plaintiff's contention that it should "defer to the DOT description of the job," JS at 11, the Court concludes that the ALJ did not make the requisite factual findings as to the

---

[4] Plaintiff notes that the DOT classification of 922.687-038 identified by the VE and adopted by the ALJ was incorrect, and that the intended classification was 922.687-058. See JS at 5 n.1. The Commissioner accepts the corrected number. See id. at 7 n.3.

demands of Plaintiff's past relevant work as a warehouse worker and the relationship of Plaintiff's RFC to that job as actually performed, see Pinto, 249 F.3d at 844-45. Plaintiff's disability application did not include any description of his previous jobs. See AR 174. In briefly questioning Plaintiff about the job of warehouse worker, the VE did not ask Plaintiff about whether he was required to climb. See AR 36-37. Nor did the VE ask about the types of tasks Plaintiff performed in this job, see id., which could have allowed the ALJ to infer whether climbing was required, see Lopez v. Berryhill, No. 16-2343, 2018 WL 501547, at *5 (C.D. Cal. Jan. 18, 2018) (holding ALJ did not err in finding claimant could do prior work as actually performed where claimant precluded from reaching did not testify to reaching requirements but provided detailed testimony about tasks he performed in prior work).

Given that the ALJ had no information about whether Plaintiff was required to climb ropes, ladders, or scaffolds as a warehouse worker, the ALJ failed to make specific findings to support his conclusion that Plaintiff could perform his past relevant work as actually performed. See, e.g., Smith v. Astrue, 252 F. App'x 820, 823 (9th Cir. 2007) (holding that ALJ failed to make requisite findings as to claimant's RFC, demands of prior work, and claimant's ability to return to it, and that "[a]t a minimum, [the ALJ] should have . . . questioned [claimant] at the hearing to determine the mental demands of the job and how much overhead reaching was required since, at the time of the hearing, he acknowledged those limitations"); Mendoza-De Ruiz v. Colvin, No. 14-6590, 2015 WL 5545040, at *2 (C.D. Cal. Sept. 18, 2015) (finding ALJ erred in determining Plaintiff could perform prior work as actually performed where claimant with acknowledged reaching limitation not questioned about reaching requirements of prior jobs); Shillingford v. Astrue, No. 11-07191, 2012 WL 3779044, at *5 (C.D. Cal. Aug. 30, 2012) (finding ALJ "did not sufficiently delve into the demands of plaintiff's work" as actually performed

and failed to make requisite findings where no testimony solicited from plaintiff about reaching and lifting demands of prior work and disability report did not describe job).

Citing to Johnson v. Colvin, 623 F. App'x 326 (9th Cir. 2015), and Tweedy v. Astrue, 460 F. App'x 659 (9th Cir. 2011), the Commissioner contends that the DOT is irrelevant to whether Plaintiff was capable of performing his prior work as actually performed and therefore the ALJ did not err. See JS at 9-10. Johnson and Tweedy stand for the unremarkable proposition that the ALJ is not required to refer to the DOT when making a determination about how a claimant's past relevant work was actually performed. As stated in Johnson, "[a]n ALJ may refer to the DOT in order to ultimately determine whether a particular claimant can do his or her past relevant work, but is not required to do so." 623 F. App'x at 327. But here the record contains no evidence about whether Plaintiff's past relevant work included climbing, and common sense suggests that some climbing may potentially be required of a warehouse worker, indicating that the ALJ should have inquired further into the demands of Plaintiff's prior work. Cf. Gutierrez v. Colvin, 844 F.3d 804, 808 (9th Cir. 2016) (finding common knowledge of occupation relevant to existence of apparent conflict between VE testimony and DOT which would require ALJ to ask "more specific questions" of VE about whether claimant's limitations preclude occupation). Without any evidence of those demands, it was error for the ALJ to find that Plaintiff could perform his past relevant work as a warehouse worker as actually performed with an RFC that restricted him to no climbing of ropes, ladders, or scaffolds.

**D.   Remand Is Warranted**

Taken together, the ALJ's errors at step four of the analysis preclude the Court from affirming the finding that Plaintiff could perform his past relevant work. Moreover, these errors were not harmless. See Molina v. Astrue, 674

9

F.3d 1104, 1115 (9th Cir. 2012) ("We have long recognized that harmless error principles apply in the Social Security Act context.") (citing Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)). An ALJ's error at step four is harmless where "the ALJ properly concluded as an alternative at step five that [the claimant] could perform work in the national and regional economies." Tommasetti v. Astrue, 533 F.3d 1035, 1044 (9th Cir. 2008). But here, as the Commissioner implicitly acknowledges, the ALJ's step five finding was clearly erroneous as the three identified occupations are classified at the medium exertional level and therefore exceed Plaintiff's RFC.[5] See AR 18-19. Therefore, this Court cannot affirm the ALJ's finding of not disabled.

The decision whether to remand for further proceedings is within this Court's discretion. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Garrison v. Colvin, 759 F.3d

---

[5] The ALJ found that Plaintiff could perform the representative occupation of "packer, DOT 920.587-018." AR 19. The DOT classification for "packer, agricultural produce" is 920.687-134, while DOT 920.587-018 refers to "hand packager." Both occupations are classified at the medium exertional level. See DOT 920.587-018, 1991 WL 687916; DOT 920.687-134, 1991 WL 687994.

995, 1021 (9th Cir. 2014) (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, the Court finds that remand is the appropriate remedy to allow the ALJ the opportunity to correct the above-mentioned deficiencies in the record. On remand, the ALJ must further develop the record as to Plaintiff's earnings as a production machine tender, and make the requisite factual findings as to the physical demands of Plaintiff's prior work as a warehouse worker and as to whether Plaintiff's RFC precludes him from returning to his past relevant work as actually performed.

## III.  CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Date:  December 10, 2018

DOUGLAS F. McCORMICK
United States Magistrate Judge